### Roger MITCHELL, Appellant,

v.

### Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.

### No. 89–1484EA.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1990.

Decided July 9, 1990.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Nigel Jamieson, Baltimore, Md., for appellee.

Before Judges JOHN R. GIBSON and MAGILL, Circuit Judges, and DUMBAULD [*], Senior District Judge.

DUMBAULD, Senior District Judge:

Appellant, Roger Mitchell, in his twenties, divorced with custody of a young daughter, fell out of a chair onto a concrete floor on May 28, 1985, while working as a Coca–Cola bottle inspector. Since then he has complained of back pain, and done no work. He appeals from denial by the Social Security Administration of his claim for disability benefits and supplemental security income (SSI).[1] We affirm.

The medical evidence does indicate bulging or herniated nucleus pulposus at the L4–L5 level, but Dr. Robert C. Atkinson, a neurological surgeon, at St. Bernard's hospital who examined appellant[2], considered surgical intervention inadvisable, and recommended conservative treatment and exercises. Dr. Atkinson says "on his last visit to me on August 15, 1985, I told him that there was just nothing from a neurosurgical standpoint that we could help him with." Much of his difficulty is mental depression or "functional overlay." However, that ailment is not sufficiently severe to be disabling. Dr. Jerry Douglas Blay-

---

[*] The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. The Administrative Law Judge's decision of December 16, 1986, stands as the final decision, in view of denial of review by the Appeals Counsel on February 11, 1987. Administrative

Transcript [hereafter Tr.]. It was affirmed by the District Court in the Magistrate's Memorandum and Order docketed March 15, 1989. Final judgment was docketed March 22, 1989.

2. Letter of August 19, 1985, Tr. 156–57, 169.

lock, a neuropsychiatrist, wrote on January 23, 1986 [3] that:

> Mr. Mitchell had situational stresses of great import prior to his injury,[4] but his injury was the straw that broke the camel's back initially. His pain set into motion a pain-depression-pain cycle that is probably still in motion.
>
> His depression per se is not at a magnitude which would disable him. To the contrary, if his level of pain would permit his return to gainful employment, then his recovery from depression would be facilitated. Therefore, from the psychiatric standpoint only, he is immediately employable, or was when I last saw him two months ago.
>
> \* \* \* \* \* \*
>
> He is qualified to handle all of his affairs, including payments which might be payable to him.

Apparently this diagnosis is shared by appellant himself. He disavows "asking for disability forever, I just want something to help me until I can get another job." [5]

He has tried to find work, but no jobs are available "once they see I got back problems." [6] He settled his workmen's compensation claim against Coca–Cola for $5000 and then they would not give him his job back.[7] He wants to learn welding at a vocational school.[8] His mother, who works at St. Bernard's Hospital, does his housework,[9] except what he can do himself. He watches television, assembles model cars, takes care of his young daughter, and goes fishing.[10]

In view of the tenor of the evidence regarding appellant's condition, and the standard of review in this type of case,[11] we are not able to overturn the agency's determination that appellant is not disabled, but could perform an extensive range of light work.[12]

Accordingly, the judgment appealed from is

AFFIRMED.

---

**3.** Tr. 171–72.

**4.** Presumably this means anxiety or stress due to his divorce and his wife's alleged adultery during his hospitalization.

**5.** Tr. 45.

**6.** Tr. 54. Appellant weeps frequently, especially when discussing personal matters.

**7.** Tr. 44, 54. At another point in the hearing he said: "I don't exactly know the circumstances why I was fired from Coke." Tr. 37.

**8.** Tr. 41, 53.

**9.** Tr. 44, 52.

**10.** Tr. 9, 14.

**11.** As stated in *Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir.1989), "we look to see whether the decision is supported by substantial evidence in the record as a whole.... This review is more than a rubber stamp for the Secretary's decision, and is more than a search for the existence of substantial evidence supporting his decision.... Indeed, we must take into account evidence in the record which fairly detracts from his decision ..."

**12.** Tr. 16.